IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT KUEHNLE                                                                           PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:07CV095-B-A

RANDOM HOUSE, INC.                                                                    DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Robert Kuehnle, brings this action against his former employer, Random House, Inc., asserting that the defendant terminated his employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (ADEA). The defendant's national sales manager, Brian Gurewitz, informed the plaintiff on November 27, 2006, that his sales territory would be taken from him and that his last day to work would be December 31, 2006. The plaintiff asserts that he was replaced by Robert Haddock, a much younger individual. The plaintiff further alleges that the defendant has shown a pattern of discrimination on the basis of age with its treatment of other sales representatives. The plaintiff filed this suit on July 26, 2007, asserting claims for intentional infliction of emotional distress and punitive damages in addition to the ADEA violation. The defendant subsequently moved for summary judgment. The plaintiff has now abandoned his claim for intentional infliction of emotional distress.

Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Analysis

To be afforded the protection of the ADEA on a wrongful termination claim, the plaintiff must show that he was an "employee" and that Random House was an "employer" within the meaning of the Act. *See generally Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117 (5th Cir. 1993). It is uncontested in the present case that the plaintiff was an independent contractor to Random House. He was not an employee covered by the ADEA. The plaintiff does not dispute this fact but instead argues that his complaint does not seek relief for wrongful termination but rather for the defendant's failure to employ the plaintiff in the position that was

acquired by his alleged replacement. This assertion, however, is contrary to the language of the complaint, in which the plaintiff clearly asserts a wrongful termination claim. For instance, in paragraph 11, the plaintiff states, "At the time of his termination, Plaintiff was over the age of forty (40)." In paragraph 12 he alleges that "Defendant terminated the Plaintiff because of his age." Further, the plaintiff seeks damages such as "back pay," "interest on back pay," and "reinstatement," all of which contemplate a wrongful termination claim – not a failure to employ claim. Nowhere in the complaint does the plaintiff reference a failure to employ claim. The plaintiff did not move to amend his complaint to set forth a failure to employ claim, and he cannot amend the complaint at this stage simply with argument and without leave to amend. To pursue his claim for failure to employ, the plaintiff must file a new lawsuit.

## Conclusion

Because the plaintiff was an independent contractor and not an employee of the defendant, the court finds that he cannot bring a claim for wrongful termination of employment under the ADEA. The defendant is, therefore, entitled to judgment as a matter of law. Its motion for summary judgment is well taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 31st day of March, 2008.

/s/ Neal Biggers

**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**